# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FORD'S FUEL, LLC,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 09-0559-WS-N** |
| | ) | |
| **WILLIAM J. COX,** *et al.*, | ) | |
| | ) | |
|     **Defendants.** | ) | |

## ORDER

This matter comes before the Court on plaintiff's Motion for Leave to File Amended Fourth Claim of Relief (doc. 16).  Under the circumstances presented, the Federal Rules of Civil Procedure do not oblige plaintiff to obtain leave of Court before amending its Complaint.  In particular, the Rules provide that "[a] party may amend its pleading once as a matter of course ... before being served with a responsive pleading."  Rule 15(a)(1)(A), Fed.R.Civ.P.  Defendants have never filed an answer in this action, but have simply filed a motion to dismiss, which does not qualify as a responsive pleading for Rule 15 purposes.  *See Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("For purposes of this Rule, a motion to dismiss is not a responsive pleading."); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (for purposes of Rule 15(a), "the term 'responsive pleading' does not include such filings as a motion to dismiss").

In light of plaintiff's right to amend the Complaint as a matter of course at this time, and the mandate of Rule 15(a), Fed.R.Civ.P., that leave to amend shall be freely given when justice so requires, the Motion for Leave to File Amended Fourth Claim of Relief (doc. 16) is **granted**.

This ruling implicates a pair of additional concerns.  First, the Court notes that plaintiff has not filed a proposed Amended Complaint as a stand-alone, all-inclusive document, but has instead filed an excerpted pleading styled "Amended Fourth Claim of Relief for Fraudulent Representations" (doc. 17).  To avoid piecemeal pleadings that would require the Court and parties to examine multiple filings to stitch together a complete picture of plaintiff's claims

joined herein, plaintiff is **ordered**, on or before **November 19, 2009**, to file a First Amended Complaint that incorporates both the original Complaint and the supplemental allegations / modifications set forth in document 17.  Second, the Court understands that plaintiff's amendment is in large part an attempt to remediate purported pleading deficiencies identified by defendants in their pending Motion to Dismiss or in the Alternative Motion for a More Definite Statement (doc. 7).  Because the form of pleading to which defendants objected has now been superseded by amendment, defendant's Motion to Dismiss or in the Alternative Motion for a More Definite Statement is **moot**.[1]  Defendants are **ordered** to file an answer or Rule 12 motion, as appropriate, in response to the Amended Complaint on or before **November 30, 2009**.

      DONE and ORDERED this 12th day of November, 2009.


                    s/ WILLIAM H. STEELE
                    UNITED STATES DISTRICT JUDGE

---

[1]     In so ruling, the Court expresses no opinions as to the merits of defendants' objections as set forth in the Motion, nor does it *sua sponte* decide whether those or any other objections may have continuing merit with respect to plaintiff's Amended Complaint.  To the extent that defendants deem it appropriate to do so, they are of course free to re-assert arguments previously presented in the context of the original Complaint.